**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WINONA WEATHERS, | No.  15-17492 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-01932-AWI-MJS |
| v. | |
| M. HAGEMEISTER-MAY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted September 27, 2016[**]

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Winona Weathers, a California state prisoner, appeals pro se from the

district court's judgment dismissing her action alleging federal and state law

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal for failure to state a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claim under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Weathers' Americans with Disabilities Act ("ADA") claim because Weathers failed to allege facts sufficient to show that her foot problems qualify as a disability under the ADA. *See* 42 U.S.C. § 12102(1) (defining "disability" under the ADA); *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111 (9th Cir. 2014) (a disability is a physical or mental impairment that substantially limits one or more major life activities).

The district court properly dismissed Weathers' equal protection claim because, even assuming she had a disability, Weathers failed to allege facts sufficient to show that her exclusion from the fabric facility was not rationally related to a legitimate state objective. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686-87 (9th Cir. 2001) ("[T]he disabled do not constitute a suspect class for equal protection purposes."); *Coakley v. Murphy*, 884 F.2d 1218, 1221-22 (9th Cir. 1989) ("When a state policy does not adversely affect a suspect class or impinge upon a fundamental right, all that is constitutionally required of the state's program is that it be rationally related to a legitimate state objective.").

The district court properly dismissed Weathers' retaliation claim because

15-17492

Weathers failed to allege facts sufficient to show that any defendant participated in the alleged act of retaliation or that the allegedly adverse action was taken because she engaged in protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation....")

The district court properly dismissed Weathers' Title VII claim because Weathers failed to allege facts sufficient to show that defendants discriminated against her on the basis of her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2; *see also Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 n. 8 (9th Cir. 2008) ("Title VII does not encompass discrimination on the basis of disability.").

The district court properly dismissed Weathers' Fair Labor Standards Act ("FLSA") claim because Weathers is not an employee for purposes of the FLSA. *See Burleson v. California*, 83 F.3d 311, 313-14 (9th Cir. 1996) (California inmates employed by the Prison Industry Authority are not employees for purposes of Fair Labor Standards Act).

The district court properly dismissed claims against defendant Beard

because Weathers failed to allege facts sufficient to show that Beard participated in or directed any constitutional violation or knew of any violation and failed to act to prevent it. *See Taylor v. List*, 880 F.2d 1040 (1045) (9th Cir. 1989). (requirements for establishing supervisory liability).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the Weathers' state law claims because Weathers failed to state a federal claim. *See Ove v. Gwinn*, 264 F.3d 817, 821, 826 (9th Cir. 2001) (setting forth standard of review; "[a] court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction" (citation and internal quotation marks omitted)).

Weathers' request to submit new evidence, filed on June 27, 2016, is denied because materials "not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal." *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

**AFFIRMED.**

15-17492